**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4391

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMEGA DRAVILLE BACOTE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:19-cr-00454-CCE-1)

Submitted:  July 5, 2022                          Decided:  September 1, 2022

Before WYNN, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omega Draville Bacote pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (Count 1); and discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (Count 2). The district court sentenced Bacote to 51 months' imprisonment on Count 1 and a consecutive 120 months' imprisonment on Count 2, followed by a three-year term of supervised release. Bacote's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bacote's sentence is reasonable. Although informed of his right to do so, Bacote did not file a pro se supplemental brief. We ordered supplemental briefing to address whether the district court adequately explained the special conditions of supervised release imposed at sentencing. We now affirm the district court's judgment.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable."

2

*United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Because Bacote did not argue for a sentence lower than the one he received, we review the reasonableness of his sentence for plain error. *See United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

In their supplemental briefs, the parties predominantly address whether the district court procedurally erred by failing to orally pronounce the discretionary conditions of supervised release listed in the written judgment, as required by our decisions in *United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341, 345-46 (4th Cir. 2021). A district court's failure to orally pronounce discretionary conditions of supervised release is distinct, however, from a district court's obligation to sufficiently explain its reasoning for any discretionary condition it imposes. *See, e.g.*, *Singletary*, 984 F.3d at 343-45 (distinguishing claim concerning failure to sufficiently explain conditions of supervised release with claim concerning failure to orally pronounce conditions later appearing in written judgment).

"[D]istrict courts have broad latitude" when imposing conditions of supervised release. *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021) (internal quotation

3

marks omitted).  "The [district] court may impose any special condition that is reasonably related to the statutory sentencing factors."  *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d).  "Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met."  *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021).  "[T]he amount of explanation required to permit meaningful appellate review of supervised release conditions undoubtedly will vary with the nature of the condition imposed and the circumstances of each case."  *United States v. McMiller*, 954 F.3d 670, 677 (4th Cir. 2020).  Indeed, we have recognized that "a court's overarching explanation of a sentence as a whole may be procedurally sufficient in some cases."  *Boyd*, 5 F.4th at 559 (internal quotation marks omitted).

We conclude that, although the district court's explanation was brief, the court did not plainly err in explaining its reasons for imposing the discretionary "special" conditions of supervised release recommended by the probation officer.  The court expressed its finding that the recommended conditions were "reasonable and relevant to an appropriate sentencing factor," after which neither party objected to the presentence report, or to any of the recommended conditions.  Then, when imposing these conditions, the district court reaffirmed its view that the conditions were appropriate and necessary in this case.  Upon reviewing the record, we further conclude that the district court did not procedurally err in any other respect, and that Bacote fails to rebut the presumption of substantive reasonableness afforded his within-Guidelines sentence.

4

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bacote, in writing, of the right to petition the Supreme Court of the United States for further review. If Bacote requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bacote. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*